SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Joseph M. Jaffe** (A-12-13) (072259)

**Argued February 3, 2014 -- Decided December 15, 2014**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, where the defendant was sentenced almost one year after entering a guilty plea, the Court considers whether the sentencing court should have considered relevant post-offense conduct in weighing the applicable aggravating and mitigating factors.

Defendant and two others were charged with various drug offenses. Defendant entered into a negotiated plea agreement in which he agreed to plead guilty to third-degree conspiracy to possess cocaine with the intent to distribute, and to cooperate with the State's prosecution of his co-defendants. In exchange, the State agreed to recommend a three-year prison term and to allow defendant the right to argue for probation or a custodial sentence to be served in county jail. Defendant pled guilty on August 16, 2011, but sentencing was delayed until his co-defendants' cases were resolved. As a result, defendant was not sentenced until August 3, 2012.

At the sentencing hearing, defense counsel asserted that because nearly a year had passed since defendant's conviction, the pre-sentence investigation and report were stale. He argued that leniency was warranted because, in the time between defendant's plea and sentencing, defendant had not reoffended, was gainfully employed, and had been acting as the "de facto" father to his girlfriend's five-year-old child. Defendant testified that he had been sober since the date of his arrest, had been attending Narcotics Anonymous with a sponsor, had joined "a mixed issue support group" with his church, had "recently started working with at-risk teenagers," and was engaged to be married. Counsel argued that, based upon defendant's post-conviction rehabilitative efforts and circumstances, the court should find certain mitigating factors: Defendant's conduct was the result of circumstances unlikely to recur; his character and attitude demonstrated that he was unlikely to commit another offense; he was likely to respond affirmatively to probationary treatment; and imprisonment would result in excessive hardship to himself and his dependents. Counsel also argued the court should find as a mitigating factor defendant's cooperation with the prosecution of his co-defendants.

The trial court concluded that applicable law did not allow him to consider "post[-]offense conduct," and declined to weigh such evidence in assessing mitigating factors. The court found only mitigating factor twelve applied, based upon defendant's cooperation with the State, and determined that the following aggravating factors applied: the risk that defendant will reoffend; defendant's likely involvement in organized criminal activity; the extent and seriousness of defendant's prior criminal record; and the need to deter defendant and others. Having determined that the aggravating factors substantially outweighed the sole mitigating factor, and having noted that the State's recommendation was at "the lowest end of the third degree range," the court sentenced defendant in accordance with the plea agreement to a three-year term of imprisonment without a period of parole ineligibility.

Defendant appealed his sentence to the Appellate Division, arguing before an excessive-sentencing panel that a non-custodial sentence was warranted in light of defendant's post-offense rehabilitative efforts. The panel rejected counsel's arguments and affirmed defendant's sentence in a summary order.

The Court granted defendant's petition for certification. 215 N.J. 488 (2013).

**HELD:** Because a sentencing analysis is a fact-sensitive inquiry, which must be based on consideration of all the competent and credible evidence raised by the parties at sentencing, the trial court must consider evidence of a defendant's post-offense conduct. This matter is remanded for resentencing to ensure consideration of all of the facts relevant to the applicable aggravating and mitigating factors.

1

1. Prior to the Code of Criminal Justice, criminal sentences were beyond the scope of appellate review. Under prior law, sentencing courts exercised a wide discretion in gathering evidence concerning the defendant's life and characteristics. To promote uniformity in sentencing, the Legislature replaced the unfettered discretion of prior law with a structured discretion designed to foster less arbitrary and more equal sentences. The Code does not, however, require the trial court to ignore a defendant's individual characteristics and circumstances. This Court has recognized that "the Legislature codified to a certain extent the traditional emphasis on individualized sentencing," resulting in a "tension between an individualized sentencing approach on the one hand, and the reforms aimed at sentencing uniformity on the other." State v. Randolph, 210 N.J. 330, 346 (2012). (pp. 8-9)

2. In State v. Randolph, the Court observed that "the discretion the sentencing court wielded pre-Code survives to a more limited extent through the court's analysis of the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1." 210 N.J. 330, 348 (2012). The Court also recognized in Randolph that sentencing courts are required to give due consideration to a presentence report, prepared after a defendant's conviction, which includes individualized information pertaining to a defendant's criminal, psychiatric, employment, personal, and family history. Id. at 346 (citing N.J.S.A. 2C:44-6(a), (b)). Thus, while the judge "must sentence in accordance with the applicable statutes," the sentencing statute "'still allow[s] for evaluation of a range of information unconstrained by evidential considerations.'" Id. at 348 (citing State v. Natale, 184 N.J. 458, 483-84 (2005)). In this matter, the relevant mitigating factors are illustrative of the requirement that the sentencing court consider defendant's individual qualities and circumstances. (pp. 9-11)

3. Having reaffirmed that each defendant is entitled to an individualized consideration during sentencing, the Court addresses whether that assessment requires the trial court to consider a defendant's post-offense conduct at the initial sentencing phase. The Court notes that in Randolph, it held that, upon remand for resentencing, a trial court must engage in a de novo review of the aggravating and mitigating factors applicable to the defendant at the time of his resentencing. 210 N.J. at 333. In reaching that conclusion, the Court relied, in part, on Pepper v. United States, in which the United States Supreme Court overturned the Eighth Circuit's ruling prohibiting consideration of a defendant's post-sentencing rehabilitative efforts, explaining that "possession of the fullest information possible concerning the defendant's life and characteristics" is "[h]ighly relevant -- if not essential -- to [the] selection of an appropriate sentence." 131 S. Ct. 1229, 1240 (2011) (alteration in original) (internal quotation marks and additional citation omitted). (pp. 11-13)

4. Against that backdrop, this Court holds that the trial court should view a defendant as he or she stands before the court on the day of sentencing, and that evidence of post-offense conduct, rehabilitative or otherwise, must be considered in assessing the applicability of, and weight to be given to, aggravating and mitigating factors. The Court notes that the sentencing statute preserves the concept of individualized assessment "through the application of some aggravating and mitigating factors that . . . invite consideration by the sentencing court of the individual defendant's unique character and qualities," and reaffirms its prior holding that a defendant in a resentencing hearing "is entitled to the same full review and explanation of the finding and weighing of the aggravating and mitigating factors" as during sentencing. Randolph, 210 N.J. at 349. The Court determines that such review must include evidence relating to a defendant's post-offense conduct, and applies to the trial court's assessment of aggravating and mitigating factors at a defendant's initial sentencing hearing. (pp. 14-15)

5. The Court recognizes that the trial judge in this matter indicated that he did not accept defendant's claims that he had changed his life. However, in light of the judge's statement that he could not consider defendant's post-offense conduct, the Court concludes that it cannot infer that defendant's putative rehabilitation evidence was fully considered when he was sentenced. The Court, therefore, vacates defendant's sentence and remands to the trial court for a de novo assessment of the applicable aggravating and mitigating factors, accounting for defendant's post-offense conduct. The resentencing court must consider defendant's post-offense conduct up to the date of his resentencing. (pp. 15-16)

The judgment of the Appellate Division is **REVERSED,** and the matter is **REMANDED** to the trial court for resentencing consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

      v.

JOSEPH M. JAFFE,

    Defendant-Appellant.

> Argued September 8, 2014 – Decided December 15, 2014
>
> On certification to the Superior Court, Appellate Division.
>
> Matthew W. Reisig argued the cause for appellant (Reisig & Associates, attorneys; Mr. Reisig and Jeffrey M. Zajac, on the briefs).
>
> Reema Sethi Kareer, Assistant Prosecutor/ Special Deputy Attorney General, argued the cause for respondent (Fredric M. Knapp, Morris County Prosecutor, attorney).
>
> Jeffrey S. Mandel argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Cutolo Mandel, attorneys).

    JUSTICE SOLOMON delivered the opinion of the Court.

    Defendant Joseph M. Jaffe received a three-year state prison sentence almost a year after pleading guilty to an accusation charging him with third-degree conspiracy to possess cocaine with the intent to distribute. At sentencing, defense

counsel asked the court to consider defendant's rehabilitative efforts since he was arrested and charged. The trial court declined to weigh such evidence in assessing mitigating factors, concluding that applicable law did not allow him to consider "post[-]offense conduct." In light of our recent holding in State v. Randolph, 210 N.J. 330 (2012), that a defendant should be assessed as he stands before the court on the day of sentencing, we conclude that the sentencing court must consider a defendant's relevant post-offense conduct in weighing aggravating and mitigating factors.

A judge's sentencing analysis is a fact-sensitive inquiry, which must be based on consideration of all the competent and credible evidence raised by the parties at sentencing. Because we decide here that the trial court must consider at sentencing evidence of a defendant's post-offense conduct, we are compelled to remand for resentencing to ensure consideration of all of the facts relevant to the applicable aggravating and mitigating factors.

I.

The following facts were established during defendant's plea colloquy. Pursuant to an investigation into a local drug distribution operation conducted by detectives of the Morris County Prosecutor's Office, defendant and two others were charged with various drug offenses. Defendant entered into a

2

negotiated plea agreement in which he agreed to plead guilty to third-degree conspiracy to possess cocaine with the intent to distribute, in violation of N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5(a)(1), and to cooperate with the State's prosecution of his co-defendants. In exchange, the State agreed to recommend a three-year prison term and to allow defendant the right to argue for probation or a custodial sentence to be served in county jail.

Defendant pled guilty on August 16, 2011. He admitted to acting as an intermediary between his co-defendants to ensure that payment for the cocaine reached the appropriate party. However, sentencing was delayed until his co-defendants' cases were resolved. As a result, defendant was not sentenced until August 3, 2012, almost one year after the entry of his guilty plea.

At the sentencing hearing, defense counsel asserted that because nearly a year had passed since defendant's conviction, the pre-sentence investigation and report were stale. He argued that leniency was warranted because, in the time between defendant's plea and sentencing, defendant had not reoffended, was gainfully employed, and had been acting as the "de facto" father to his girlfriend's five-year-old child. Counsel also submitted a letter written by the mother of defendant's child, claiming that defendant was "a great father." Defendant

3

testified that he was using drugs at the time he committed the offense, but had been sober since the date of his arrest, had been attending Narcotics Anonymous with a sponsor, had joined "a mixed issue support group" with his church, had "recently started working with at-risk teenagers," and was engaged to be married.

Counsel argued that, based upon defendant's post-conviction rehabilitative efforts and circumstances, the court should find defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), his character and attitude demonstrated that he was unlikely to commit another offense, N.J.S.A. 2C:44-1(b)(9), he was likely to respond affirmatively to probationary treatment, N.J.S.A. 2C:44-1(b)(10), and imprisonment would result in excessive hardship to himself and his dependents, N.J.S.A. 2C:44-1(b)(11). Emphasizing defendant's role in the conspiracy was "minor," counsel also argued the court should find as a mitigating factor defendant's cooperation with the prosecution of his co-defendants, N.J.S.A. 2C:44-1(b)(12).

The court agreed that defendant's pre-sentence report was "somewhat stale." However, the court expressly refused to consider defendant's post-offense conduct, explaining that

> [w]e have an interesting method of sentencing
> in the State of New Jersey, one that does not
> encompass, frankly, post-offense conduct,

4

unlike the federal system, which actually takes that into consideration. It may be one of the reasons why when someone is arrested on federal charges, they find their way to the local soup kitchen to stand in line to help out. I don't mean to diminish that, but it is a factor under the federal sentencing guidelines, a factor we do not have.

The court then disagreed with defense counsel's assertion that defendant had "changed his life," stating: "It sounds like he's certainly turned the corner and made a u-turn, but then again, that was the way it appeared in 1998 as well."

Having refused to consider defendant's post-offense conduct, the court found only mitigating factor twelve applied. Based upon defendant's seven previous arrests and three prior indictable convictions, the court found the following aggravating factors applied: the risk that defendant will reoffend, N.J.S.A. 2C:44-1(a)(3); the extent and seriousness of defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6); and the need to deter defendant and others, N.J.S.A. 2C:44-1(a)(9). Noting the nature of the present offense, the court also found as an aggravating factor that defendant likely was involved in organized criminal activity, N.J.S.A. 2C:44-1(a)(5).

Having determined that the aggravating factors substantially outweighed the sole mitigating factor, and having noted that the State's recommendation was at "the lowest end of the third degree range," the court sentenced defendant in

5

accordance with the plea agreement to a three-year term of imprisonment without a period of parole ineligibility, less 121 days of jail credit.

Defendant appealed his sentence. Before an excessive-sentencing panel of the Appellate Division, defense counsel argued that a non-custodial sentence was warranted in light of defendant's post-offense rehabilitative efforts. The panel rejected counsel's arguments and affirmed defendant's sentence in a summary order.

We granted defendant's petition for certification. 215 N.J. 488 (2013).

II.

The issue raised by the parties in this appeal requires us to consider the scope of our holding in State v. Randolph, supra. In that case, we stated that, "when 'reconsideration' of sentence or 'resentencing' is ordered after appeal, the trial court should view defendant as he stands before the court on that day[.]" 210 N.J. at 354. While defendant acknowledges that Randolph was decided in the context of a resentencing hearing following an ambiguously worded remand order, he asserts that our reasoning in Randolph applies equally at the initial sentencing stage -- particularly where, as here, a significant amount of time has passed between the entry of the guilty plea and sentencing.

6

The State counters that Randolph was a decision addressing the scope of appellate practice rather than "a substantive decision regarding the applicability of any particular mitigating factors to a particular sentence being imposed in the first instance." Nevertheless, the State characterizes defendant's argument that the sentencing court should consider evidence of post-offense rehabilitative conduct as an "unremarkable proposition." The State argues instead that the judge's statements, viewed in context, indicate that the judge considered and rejected defendant's claims that he had reformed. The State specifically notes the judge's statement that, "while it's good to hear [defendant] appears to have turned his life around, is helping young people, is helping himself by attending NA meetings, the Court cannot turn a blind eye to his criminal conduct." The State maintains this acknowledgment demonstrates that the judge considered defendant's putative rehabilitative evidence, implicitly found it incredible, and rejected the contention that this evidence warranted a finding of any additional mitigating factors.

Amicus curiae Association of Criminal Defense Lawyers of New Jersey (ACDL) argues that, by expressly refusing to consider defendant's post-offense rehabilitative efforts, the trial judge disregarded evidence of mitigating factors, and in doing so, failed to consider all the facts necessary for the comprehensive

7

sentencing analysis to which defendant was entitled. Citing Randolph, supra, and State v. Natale, 184 N.J. 458 (2005), the ACDL contends that this Court has encouraged sentencing judges to consider as much information as possible regarding the characteristics of a defendant's life and circumstances at sentencing, and that consideration of defendant's post-offense conduct falls within the sentencing framework established by the Legislature.

III.

A.

We begin with a review of the requirements and purpose of our sentencing guidelines.

Prior to the enactment of the New Jersey Code of Criminal Justice, it was "axiomatic that criminal sentences were beyond the scope of appellate review." Roth, supra, 95 N.J. at 341. Under prior law, sentencing courts "'exercise[d] a wide discretion'" in gathering evidence "'concerning the defendant's life and characteristics.'" Natale, supra, 184 N.J. at 472 (citations and internal quotation marks omitted). The goal was to "'provide the sentencing judge with the composite picture of the "whole man."'" Ibid.

To promote uniformity in sentencing, the Legislature "replace[d] 'the unfettered discretion of prior law with a structured discretion designed to foster less arbitrary and more

8

equal sentences.'" State v. Bridges, 131 N.J. 402, 420 (1993) (quoting State v. Hartye, 105 N.J. 411, 418 (1987)). In doing so, the Legislature "establishe[d] a general framework to guide judicial discretion" in order to promote uniformity in sentencing. Natale, supra, 184 N.J. at 485 (alteration in original) (quoting State v. Hodge, 95 N.J. 369, 374-75 (1984)) (internal quotation marks omitted).

The Code does not, however, require the trial court to ignore a defendant's individual characteristics and circumstances. To the contrary, the Legislature listed as "general purposes" of the sentencing statute the furtherance of "the correction and rehabilitation of offenders," N.J.S.A. 2C:1-2(b)(2), and "differentiat[ion] among offenders with a view to a just individualization in their treatment," N.J.S.A. 2C:1-2(b)(6). Thus, "the Legislature codified to a certain extent the traditional emphasis on individualized sentencing," resulting in a "tension between an individualized sentencing approach on the one hand, and the reforms aimed at sentencing uniformity on the other." Randolph, supra, 210 N.J. at 346.

We observed previously that "the discretion the sentencing court wielded pre-Code survives to a more limited extent through the court's analysis of the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1." Id. at 348 (citing Natale,

supra, 184 N.J. at 486).[1]  In addition to the sentencing statute's general purpose provision, we noted the Legislature requires the sentencing court to give "'due consideration'" to a presentence report, prepared after a defendant's conviction, which "includes individualized information pertaining to a defendant's criminal, psychiatric, employment, personal, and family history."  Id. at 346 (citing N.J.S.A. 2C:44-6(a), (b)).  Noting these observations and our determination in Natale that "the judge has discretion but must sentence in accordance with the applicable statutes," we concluded that the sentencing statute still "allow[s] for evaluation of a range of information unconstrained by evidential considerations."  Id. at 348 (citing Natale, supra, 184 N.J. at 483-84).

The mitigating factors relevant here are illustrative of the requirement that the sentencing court consider defendant's individual qualities and circumstances.  Defendant maintains before this Court that his post-offense rehabilitative conduct warrants a finding that his criminal behavior was the result of

---

[1] Although N.J.S.A. 2C:44-1(b) states that the court "may properly consider" the listed mitigating factors, we have held that, "where mitigating factors are amply based in the record before the sentencing judge, they must be found."  State v. Dalziel, 182 N.J. 494, 504-05 (2005).  Accordingly, where the evidence supports a finding of a mitigating factor, that evidence must be part of the court's "deliberative process."  Id. at 505; see also State v. Hess, 207 N.J. 123, 155 n.8 (2011) (noting same).

circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), that his character and attitude show he is unlikely to commit another offense, N.J.S.A. 2C:44-1(b)(9), that he is likely to respond affirmatively to probationary treatment, N.J.S.A. 2C:44-1(b)(10), and that imprisonment would result in excessive hardship to himself and his dependents, N.J.S.A. 2C:44-1(b)(11). "[T]he finding, weighing, and balancing of [these] mitigating factors" requires the court to assess the character of the offender, as well as "the severity" of the proposed sentence in relation to "the crime that the defendant committed." Randolph, supra, 210 N.J. at 345, 349.

Having determined that each "[d]efendant is entitled to [an] individualized consideration during sentencing," id. at 349, see N.J.S.A. 2C:1-2(b)(2), (6), we turn to the question of whether that assessment requires the trial court to consider a defendant's post-offense conduct at the initial sentencing phase.

B.

In Randolph, we held that, upon remand for resentencing, a trial court must engage in a de novo review of the aggravating and mitigating factors applicable to the defendant at the time of his resentencing. Id. at 333. On appeal from his initial resentencing, Randolph argued that remand was necessary to reweigh the aggravating and mitigating factors to determine if

11

the imposition of three consecutive maximum terms was warranted. Id. at 336-37. The Appellate Division agreed, ordering "remand for reconsideration and justification for the sentence of three consecutive maximum terms." Id. at 337.

At his second resentencing hearing, Randolph argued that, in the period between his initial sentencing and his second resentencing hearing, he had joined a Narcotics Anonymous program, obtained his General Equivalency Diploma, and attended behavior modification and parenting classes. Id. at 337-38. The second resentencing court, narrowly interpreting the remand order to require only a statement of the specific factual findings underlying the imposition of consecutive sentences, refused to consider Randolph's post-sentencing rehabilitative evidence. Id. at 338. We granted certification to consider whether the resentencing court properly declined to consider Randolph's putative rehabilitative evidence based on his conduct in the period between his initial sentencing and second resentencing hearing, which occurred over seven years later. Id. at 333, 335, 337.

Finding the Appellate Division's remand order ambiguous, we held that "defendant was entitled to present the [rehabilitative] evidence and to have it considered[.]" Id. at 333. We determined that, at resentencing, "the trial court was called on to conduct nothing less than a resentencing, which

12

necessarily involves the reevaluation and reweighing of aggravating and mitigating factors."  Ibid.

We acknowledged that, unlike the federal sentencing statute, 18 U.S.C.A. § 3661, our sentencing statute contains no de-limiting provision regarding information to be considered by the sentencing court in relation to a defendant's background, character, and conduct.  Id. at 346.  However, we have found -- and reaffirm here -- that the sentencing statute and our case law "left open for consideration . . . a wider array of information" for the trial court to consider "once the decision to impose incarceration had been made and the focus shifted to the weighing of aggravating and mitigating factors[.]"  Id. at 346-48 (citing Hodge, supra, 95 N.J. at 377).

In reaching our decision in Randolph, we relied, in part, on Pepper v. United States, ___ U.S. ___, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).  There, the United States Supreme Court overturned the Eighth Circuit's ruling prohibiting consideration of a defendant's post-sentencing rehabilitative efforts.  Id. at __, 131 S. Ct. at 1243, 179 L. Ed. 2d at 215.  The Court observed that "'possession of the fullest information possible concerning the defendant's life and characteristics'" is "'[h]ighly relevant -- if not essential -- to [the] selection of an appropriate sentence.'"  Id. at ___, 131 S. Ct. at 1240, 179 L. Ed. 2d at 212 (alteration in original) (quoting Williams v.

13

New York, 337 U.S. 241, 247, 69 S. Ct. 1079, 1083, 93 L. Ed. 1337, 1342 (1949)). In reaching our decision here, we reaffirm our acceptance of the "principle that 'the punishment should fit the offender and not merely the crime.'" Randolph, supra, 210 N.J. at 342 (quoting Pepper, supra, __ U.S. at __, 131 S. Ct. at 1240, 179 L. Ed. 2d at 212 (internal quotation marks omitted)).

As noted above, the sentencing statute preserves the concept of individualized assessment "through the application of some aggravating and mitigating factors that . . . invite consideration by the sentencing court of the individual defendant's unique character and qualities." Id. at 349. We acknowledged in Randolph the principles relied upon in cases interpreting the federal sentencing statute, and held that a defendant in a resentencing hearing "is entitled to the same full review and explanation of the finding and weighing of the aggravating and mitigating factors" as during sentencing. Ibid. This review must include evidence relating to a defendant's post-offense conduct. In the court's performance of that function, the defendant is entitled to have his post-offense rehabilitative evidence considered. Id. at 333. We see no reason why these principles should not be applied to the court's assessment of aggravating and mitigating factors at a defendant's initial sentencing hearing.

14

In conclusion, the trial court should view a defendant as he or she stands before the court on the day of sentencing. This means evidence of post-offense conduct, rehabilitative or otherwise, must be considered in assessing the applicability of, and weight to be given to, aggravating and mitigating factors.

We recognize the trial judge here indicated that he did not accept defendant's claims that he had changed his life. "On appeal, a trial judge's sentencing determinations are entitled to substantial deference." State v. Pagan, 378 N.J. Super. 549, 558 (App. Div. 2005); see also State v. Lawless, 214 N.J. 594, 606 (2013) (noting that reviewing court may "not substitute its judgment for the judgment of the sentencing court"). However, in light of the judge's statement that he could not consider defendant's post-offense conduct, we cannot infer that defendant's putative rehabilitation evidence was fully considered when he was sentenced.[2]

Given the ambiguity in the record, the interests of justice oblige us to vacate defendant's sentence and remand to the trial court for a de novo assessment of the applicable aggravating and mitigating factors, accounting for defendant's post-offense

---

[2] Although the State was under no obligation to provide an updated presentencing report, we note that "[t]he fact that no revised presentence report was prepared documenting any alleged post-incarceration rehabilitation further supports a conclusion that the issue of rehabilitation was not fully considered." United States v. Diaz, 639 F.3d 616, 623 (3d Cir. 2011).

conduct.  In accordance with Randolph, the resentencing court must consider defendant's post-offense conduct up to the date of his resentencing.  We express no view, however, on the merits of this evidence or the weight that it should be given.  Those are matters for consideration by the sentencing court, in the exercise of its discretion.

## IV.

The judgment of the Appellate Division is reversed, and the matter is remanded for resentencing consistent with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.

SUPREME COURT OF NEW JERSEY

NO. __A-12___                              SEPTEMBER TERM 2013

ON CERTIFICATION TO _____Appellate Division, Superior Court_____


STATE OF NEW JERSEY,

      Plaintiff-Respondent,

          v.

JOSEPH M. JAFFE,

      Defendant-Appellant.


DECIDED _____December 15, 2014_____
          _____Chief Justice Rabner_____   PRESIDING
OPINION BY _____Justice Solomon_____
CONCURRING/DISSENTING OPINIONS BY _____
DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1