SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State of New Jersey v. Patrick McFarlane (A-7-15) (075938)**

**Argued January 5, 2016 -- Decided April 7, 2016**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court determines whether a remand for resentencing before a different judge is required after the trial judge remarked during a subsequent, unrelated status conference that he always gives sixty-year sentences to defendants convicted by a jury of first-degree murder.

On May 4, 2008, defendant Patrick McFarlane and a co-defendant approached a group of men playing dice. Defendant pulled out a revolver and instructed the men to stay where they were. When the men ran, defendant chased them, firing his gun at Richard Mason and striking him in the back. As Mason lay on the ground, struggling to breathe, defendant robbed him and fled the scene. Mason died shortly thereafter.

Defendant was charged with first-degree murder, felony-murder, and armed robbery, and second-degree possession of a weapon for an unlawful purpose. Following a jury trial, he was convicted of all counts. During sentencing, the State requested an aggregate term of eighty years, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA). Defendant requested a thirty-year term with thirty years' parole ineligibility on the murder count, and a concurrent ten-year term on the robbery count, subject to NERA.

In determining the appropriate sentence, the trial judge applied three aggravating factors, noting that defendant's prior criminal record was extensive and serious and that he had committed the instant offense during the only four-month time period he had not been incarcerated since he was sixteen. The judge also gave a small amount of weight to one mitigating factor. After merging the felony murder and unlawful possession charges, the judge imposed a sixty-year term on the first-degree murder count and a concurrent twenty-year term on the first-degree armed robbery count, both subject to NERA.

Defendant appealed and moved to supplement the record with a transcript of a status conference in State v. Brown, a different murder case involving the same judge that took place thirteen months after defendant's sentencing, as well as three judgments of conviction (JOC) by the same judge involving other defendants convicted of murder following jury trials. The transcript of the Brown status conference shows that, after the defendant rejected the State's plea offer of forty-five years for first-degree murder, the trial judge stated: "I always give defendants convicted by a jury [of first-degree murder] a minimum of 60 years NERA, and you can check my record." The three JOCs showed that the same judge sentenced three other defendants convicted by juries of first-degree murder to sixty-year terms of imprisonment, subject to NERA.

The Appellate Division affirmed defendant's conviction and sentence, concluding that the trial judge adequately explained his reasons for finding the aggravating and mitigating factors. The panel found that the judge's statement during the Brown status conference and the three unrelated JOCs do not support the claim that defendant's sentence was arbitrary or excessive.

Approximately four months after the Appellate Division decided this matter, another panel decided State v. Richardson in an unpublished opinion. There, defendant Lamont Richardson appealed the same trial judge's sixty-year sentence, citing the Brown status conference statement and the three JOCs. Although the panel held that the judge did not violate the sentencing guidelines, it concluded that it could not ignore the judge's statement suggesting that he may not provide each defendant with individualized consideration during sentencing. Accordingly, the panel remanded for resentencing of Richardson, requiring a detailed explanation of the Brown status conference statement. At the remand hearing, the judge acknowledged that his remarks were inappropriate, but he rejected the notion that he had a policy of giving predetermined sentences to those convicted of first-degree murder. He asserted that his sentences were not "automatic," explaining that he uses a five-page worksheet to assess and balance the relevant factors and "undertakes an individualized consideration as required in every sentence."

The Court granted defendant's petition for certification, limited to the issue of his sentence. 223 N.J. 276 (2015).

**HELD:** The trial judge's statement during a subsequent, unrelated status conference that he always gives sixty-year sentences to defendants convicted by a jury of first-degree murder undermines public confidence in our system of criminal sentencing. Consequently, the matter is remanded for resentencing by a different judge.

1. Under New Jersey's sentencing jurisprudence, in order to resolve the tension between an individualized sentencing approach and the goal of sentencing uniformity, a framework of structured judicial discretion was established by the Code of Criminal Justice. Under this framework, the sentencing court must explain its analysis and application of the relevant statutory aggravating and mitigating factors, as well as its reasons for imposing the sentence, thereby avoiding sentencing disparity, facilitating effective appellate review, and ensuring that the defendant, the State and the public understand the reasons for the sentence. (pp. 8-11)

2. Here, defendant's contention that he was arbitrarily sentenced to a sixty-year term without due consideration to the unique facts of his case is based in part on the trial judge's sentencing record. Specifically, in the case of Lamont Richardson, who was convicted of first-degree murder, related weapons offenses, and fourth-degree tampering with evidence, the judge found four aggravating factors and no mitigating ones. He rejected the seventy-two year term requested by the State, instead imposing a sixty-year term, subject to NERA. Similarly, in the case of Damien Johnson and Brian Johnson, co-defendants who were convicted of first-degree murder and robbery and second-degree robbery and possession of weapons for unlawful purposes and were sentenced nine months after defendant, the judge found four aggravating factors and no mitigating ones. He again sentenced both defendants to sixty-year terms, subject to NERA. (pp. 11-13)

3. The Court acknowledges that the record of the sentencing hearing in this matter reveals that the trial judge did not violate the sentencing guidelines. However, a remark in open court, even in a subsequent, unrelated proceeding, that a judge "always" sentences defendants convicted of first-degree murder to sixty years in prison improperly suggests that the unique facts of each defendant's case are not considered when determining the appropriate sentence. Although the Court accords substantial deference to sentencing determinations and acknowledges the trial judge's explanation of his sentencing methodology given during the remand hearing in <u>Richardson</u>, it finds that the <u>Brown</u> status conference statement, particularly when viewed in light of the trial judge's sentencing record, undermines public confidence in our system of criminal sentencing. Accordingly, to preserve public trust in the sentencing framework established by our Code of Criminal Justice, the Court reverses the judgment of the Appellate Division and remands for resentencing by another trial judge of the Mercer Vicinage. The Court offers no comment on the appropriate sentence to be imposed. (pp. 13-15)

The judgment of the Appellate Division is **REVERSED**, and the matter is **REMANDED** to a different trial court judge for resentencing, consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion. JUSTICE FERNANDEZ-VINA did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

PATRICK MCFARLANE,

    Defendant-Appellant.

       Argued January 5, 2016 – Decided April 7, 2016

       On certification to the Superior Court, Appellate Division.

       Margaret R. McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

       Katie Mae Magee, Assistant Prosecutor, argued the cause for respondent (Angelo J. Onofri, Acting Mercer County Prosecutor, attorney).

       Alexander R. Shalom argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Edward L. Barocas, Legal Director, attorney).

    JUSTICE SOLOMON delivered the opinion of the Court.

    Defendant chased an unarmed man, whom he was attempting to rob, and shot him in the back with a revolver. The victim was alive and gasping for air after he fell to the ground, but defendant robbed him and left him to die. Defendant was

1

convicted of first-degree murder, among other things, and sentenced to sixty years in prison.

We are called upon to determine whether defendant's sentence should be vacated and the matter remanded for resentencing before a different judge, because the trial judge remarked during a subsequent, unrelated status conference that he always gives sixty-year sentences to a defendant convicted by a jury of first-degree murder. While we acknowledge the judge's subsequent explanation for his remarks, preservation of the public's confidence and trust in our system of criminal sentencing requires that the matter be remanded for resentencing by another judge of the same vicinage.

I.

A.

On May 4, 2008, defendant Patrick McFarlane and co-defendant Roderick Armstrong approached a group of men playing dice in Trenton. When defendant displayed a revolver and instructed the players to stay where they were, they scattered in different directions. Defendant chased and fired his revolver at Richard Mason, striking him in the back. After Mason fell to the ground, defendant reached into his pockets and took money, a watch, and a chain, and then fled the scene. Mason was alive but struggling to breathe when police arrived;

he died thirty minutes after being transported to a local hospital.

The Mercer County Grand Jury indicted defendant for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) and N.J.S.A. 2C:2-6; first-degree armed robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:2-6; and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) and N.J.S.A. 2C:2-6. After a jury trial, defendant was convicted of all counts.[1]

The record at sentencing reflects the following. The State requested that the Court impose a sixty-year term of imprisonment for the first-degree murder and a consecutive twenty-year sentence for first-degree robbery. Therefore, the aggregate sentence requested by the State was eighty years, both with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defense counsel requested a thirty-year term of imprisonment with thirty years of parole ineligibility on the murder count, along with a concurrent ten-year sentence on the first-degree robbery count, subject to NERA.

---

[1] Co-defendant Roderick Armstrong received an aggregate twenty-year sentence in exchange for testifying against defendant and pleading guilty to first-degree robbery and an unrelated carjacking.

The trial judge applied aggravating factor three, N.J.S.A. 2C:44-1(a)(3), noting that there was a risk the nineteen-year-old defendant would commit a future offense because he had five petitions and two adjudications of delinquency as a juvenile[2] and five adult arrests, and had been incarcerated since age sixteen, except for a four-month period during which he committed Mason's murder and another unrelated first-degree robbery. The judge also applied aggravating factor six, N.J.S.A. 2C:44-1(a)(6), finding that defendant's prior criminal record was extensive and serious because defendant was convicted of robbery as a juvenile and theft by unlawful taking as an adult. In addition, the judge applied aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), finding that there was a need to deter defendant and others from violating the law because defendant targeted and shot the victim in the back, robbed him, and left him to die.

After discussing the three aggravating factors, the judge also gave "a small amount of weight" to mitigating factor six, N.J.S.A. 2C:44-1(b)(6),[3] assuming that "during his incarceration the [d]efendant chooses to work and . . . the warden at the

---

[2] The two juvenile adjudications were for robbery and possession of controlled dangerous substances.

[3] Mitigating factor six is whether "[t]he defendant compensated the victim or will participate in community service." N.J.S.A. 2C:44-1(b)(6).

4

state facility . . . take[s] one-third of his income and use[s] that to reimburse any restitution the Court has ordered."

After mentioning his assessment of the aggravating and mitigating factors and merging the felony murder and unlawful gun possession charges, the judge imposed a sixty-year sentence on the first-degree murder count and a concurrent twenty-year term on the first-degree armed robbery count, both subject to NERA.  The judge rejected the State's request for a consecutive sentence on the robbery count, in part, because defendant was nineteen years old when he committed the crime and, after serving fifty-one years in prison,[4] would be at least seventy years of age before becoming eligible for parole.

On appeal, defendant moved to supplement the record with (1) a transcript of a status conference that took place thirteen months later on January 14, 2015, in a different murder case, State v. Brown, involving the same judge (the Brown status conference); and (2) three judgments of conviction by the same judge involving other defendants convicted of murder following jury trials (the three JOCs).[5]

---

[4] Pursuant to NERA, eighty-five percent mandatory period of parole ineligibility for the sixty-year imprisonment term on the first-degree murder conviction is fifty-one years.

[5] Defendant also challenged two evidentiary rulings, the prosecutor's summation, and the jury instructions, none of which are the subject of this appeal.

The transcript of the <u>Brown</u> status conference shows that defendant Shaheed Brown rejected the State's plea offer of forty-five years for his first-degree murder charge, and the judge then made the following statement:

> I always give defendants convicted by a jury [of first-degree murder] a minimum of 60 years NERA, and you can check my record . . . . I know as much as Mr. Brown thinks 45 years NERA is unacceptable[,] my sentence, if he's convicted, and Mr. Brown you're presumed innocent, my sentence [] will be much more than 45 years NERA. It'll be consecutive to the . . . [offenses] you're convicted of by a jury.

The three JOCs showed that the same judge sentenced other defendants convicted by juries of first-degree murder -- Lamont Richardson, Damien Johnson, and Brian Johnson -- to sixty-year terms of imprisonment, subject to NERA.[6]

The Appellate Division affirmed defendant's conviction and sentence, concluding that the trial judge properly considered and adequately explained his reasons for finding aggravating factors three, six, and nine, as well as mitigating factor six. In doing so, the panel explained that "the judge's statement and judgments of conviction in unrelated cases do not support

---

[6] We note that the first time the judge sentenced a defendant convicted by a jury of a first-degree murder, he imposed a seventy-five year term, subject to NERA, on Peter Klah after finding aggravating factors one, three, six, and nine, and no mitigating factors.

defendant's claim that his sentence here was either excessive or arrived at in an arbitrary fashion." The panel did not analyze the reasonableness of the sentencing determinations in the three JOCs, in part, because defendant did not submit the transcripts of those sentencing proceedings.

This Court subsequently granted defendant's petition for certification, limited to the issue of his sentence. 223 N.J. 276 (2015).

B.

Approximately four months after the Appellate Division decided this matter, another panel decided State v. Richardson in an unpublished opinion. In that case, defendant Lamont Richardson appealed the same judge's sixty-year sentence, citing the Brown status conference statement and the three JOCs. Although the Richardson panel affirmed the conviction and held that the judge did not violate the sentencing guidelines, it concluded that it could not "ignore the judge's own statements in open court, which suggests strongly that he may not undertake the 'individualized consideration during sentencing' to which each defendant is entitled under the Code." (Quoting State v. Jaffe, 220 N.J. 114, 122 (2014)). Accordingly, the panel remanded for resentencing and required a detailed explanation of the judge's statement during the Brown status conference.

7

At the remand hearing, the judge acknowledged that he made "inappropriate" and "improper" remarks while being rushed during the Brown status conference, but rejected the notion that he had a policy of giving predetermined sentences to those convicted of first-degree murder. The judge further explained that his sentences were not "automatic"; he described the five-page worksheet he used to assess and balance the aggravating and mitigating factors and stated, "I strive to have every sentence I impose to be in accord with the [Code of Criminal Justice] and the directives of the Supreme Court . . . . [T]he court attempts in every case, whether it's a homicide or fourth degree, that it undertakes an individualized consideration as required in every sentence."

## II.

Resolving the divergence between the decisions of the Appellate Division here and in the Richardson matter requires a brief review of our sentencing jurisprudence.

In Jaffe, supra, we stated that "each '[d]efendant is entitled to [an] individualized consideration during sentencing.'" 220 N.J. at 122 (quoting State v. Randolph, 210 N.J. 330, 349 (2012)). This Court then explained that the Legislature wanted trial courts to consider an individual's particular circumstances because "the Legislature listed as 'general purposes' of the sentencing statute . . .

8

'differentiat[ion] among offenders with a view to a just individualization in their treatment,' N.J.S.A. 2C:1-2(b)(6)." Id. at 120-21.

Notwithstanding the need to consider an individual's particular circumstances, we also recognized that one of the "paramount goals" of the Code of Criminal Justice "is to eliminate arbitrary and idiosyncratic sentencing so that similarly situated defendants receive comparable sentences." State v. Case, 220 N.J. 49, 63 (2014) (citing State v. Natale, 184 N.J. 458, 485 (2005)). Consequently, "'the Legislature codified to a certain extent the traditional emphasis on individualized sentencing,' resulting in a 'tension between an individualized sentencing approach on the one hand, and the reforms aimed at sentencing uniformity on the other.'" Jaffe, supra, 220 N.J. at 121 (quoting Randolph, supra, 210 N.J. at 346).

To resolve this tension and engender confidence in our system of criminal sentencing, "the Code has established a framework of structured discretion within which judges exercise their sentencing authority." Case, supra, 220 N.J. at 63. The "structured discretion" established by the Code of Criminal Justice compels the sentencing court to explain on the record its analysis of the statutory aggravating and mitigating factors "with care and precision" so as "[t]o avoid disparity in

9

sentencing as the Legislature intended, to facilitate fair and effective appellate review, and to ensure that the defendant, the State and the public understand the reasons for the sentence." State v. Fuentes, 217 N.J. 57, 81 (2014). That is accomplished, in part, by the application of Rule 3:21-4(g), which provides that "[a]t the time sentence is imposed the judge shall state reasons for imposing such sentence including findings pursuant to the criteria for withholding or imposing imprisonment . . . [and] the factual basis supporting a finding of particular aggravating or mitigating factors affecting [the] sentence[.]"

This Court paraphrased those principles as follows: "[c]entral to the success of [the sentencing] process is the requirement that the judge articulate the reasons for imposing sentence." Case, supra, 220 N.J. at 54. "Proper sentencing thus requires an explicit and full statement of aggravating and mitigating factors and how they are weighed and balanced." Randolph, supra, 210 N.J. at 348 (citing Natale, supra, 184 N.J. at 488).

"The balancing process, however, is more than counting whether one set of factors outnumbers the other." Case, supra, 220 N.J. at 65 (citing Fuentes, supra, 217 N.J. at 72). "Rather, the court must qualitatively assess the relevant aggravating and mitigating factors, assigning each factor its

10

appropriate weight." Ibid. (emphasis added) (citing Fuentes, supra, 217 N.J. at 72-73). Hence, a sentencing judge must engage in both quantitative and qualitative assessments of the aggravating and mitigating factors, and only then impose a sentence consistent with the sentencing range outlined under our Code of Criminal Justice.

III.

A.

With this sentencing jurisprudence in mind, we turn to defendant's contention that the trial judge arbitrarily sentenced him to a sixty-year term without giving consideration to the unique facts of his case, which defendant argues is reflected in the judge's statement in the Brown status conference and his sentencing record. That in turn requires us to briefly recount the pertinent aspects of the three JOCs involving Lamont Richardson, Damien Johnson, and Brian Johnson.[7]

Lamont Richardson was sentenced approximately fifteen months before defendant. Richardson was twenty-one years old at the time of his offense, and was convicted of (1) first-degree murder of his ex-girlfriend; (2) related unlawful possession of

_____

[7] The parties provided the three JOCs without the associated transcripts of the sentencing proceedings. The record therefore does not reflect what other assessments and considerations the judge may have applied at sentencing, other than the statutory aggravating and mitigating factors.

11

weapons offenses; and (3) fourth-degree tampering with evidence. The judge found aggravating factors one,[8] three, six, and nine, and no mitigating factors.  After merging the weapons convictions with the murder conviction and balancing the aggravating and mitigating factors, the judge reviewed the sentencing guideline range[9] and concluded that the seventy-two-year term requested by the State was too high.[10]  Instead, the judge imposed a lesser sixty-year term of imprisonment, subject to NERA, and a concurrent one-year term of imprisonment with a six-month period of parole ineligibility for tampering with evidence.

Damien Johnson and Brian Johnson, co-defendants but not brothers, were both sentenced approximately nine months after defendant was sentenced.  Damien Johnson was thirty-two years

---

[8] Aggravating factor one concerns "[t]he nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner."  N.J.S.A. 2C:44-1(a)(1).

[9] The sentencing range for first-degree murder is thirty years to life imprisonment, with a mandatory minimum of a thirty-year period of parole ineligibility, N.J.S.A. 2C:11-3(b)(1), and an eighty-five percent parole disqualifier under NERA, N.J.S.A. 2C:43-7.2(d)(1).  A sentence of life imprisonment is deemed to be seventy-five years for the purpose of calculating the minimum term of parole ineligibility pursuant to a crime of the first degree.  N.J.S.A. 2C:43-7.2(b).

[10] Defense counsel did not request a specific sentence and stated, "there is a possibility for a better Mr. Richardson to become a part of our society."

old and Brian Johnson was thirty-eight when they committed first-degree murder, N.J.S.A. 2C:11-3(a)(2) and (3), first-degree robbery, N.J.S.A. 2C:15-1, second-degree burglary, N.J.S.A. 2C:18-2(b), and second-degree possession of weapons for unlawful purposes, N.J.S.A. 2C:39-4. The judge found that Damien Johnson had six prior non-violent drug convictions, and that Brian Johnson had three prior convictions involving violence. For both defendants, the judge found aggravating factors one, three, six, and nine, and no mitigating factors. The judge concluded that the aggravating factors "substantially outweigh[ed] and preponderate[d] over the non-existent mitigating factors," and sentenced both defendants to sixty-year terms of imprisonment, subject to NERA, on the first-degree murder count, concurrent to a fifteen-year term of imprisonment on the first-degree robbery count. Both defendants were also ordered to serve a five-year term of parole supervision immediately after completing their prison terms.[11]

## B.

We acknowledge that the record of the sentencing hearing in this matter does not reveal that the trial court violated the

---

[11] Both Damien and Brian Johnson's direct appeals are currently pending before the Appellate Division. Counsel for the defendants in those proceedings requested, among other things, that the matters be remanded for resentencing after this Court's decision in this matter.

sentencing guidelines.  Furthermore, the sentencing judge did not make any improper comments during the course of this proceeding.  However, a remark in open court, even in a subsequent, unrelated proceeding, that a judge "always" sentences defendants convicted of first-degree murder to sixty years in prison undermines public confidence that the unique facts of a defendant's case are considered before a sentencing decision is made.  A reasonable person might infer from the judge's statement during the Brown status conference that the court arbitrarily imposes a predetermined sentence on those convicted by a jury of first-degree murder.

While we accord substantial deference to sentencing determinations and do not substitute our judgment for that of the sentencing court, Fuentes, supra, 217 N.J. at 70, and while we acknowledge the trial judge's explanation of his sentencing methodology given during the remand hearing in Richardson, we find that the Brown status conference statement, particularly when viewed in light of the trial judge's sentencing record, undermines public confidence in our system of criminal sentencing.  Accordingly, to preserve public trust in the sentencing framework established by our Code of Criminal Justice, we must reverse the judgment of the Appellate Division and remand for resentencing by another trial judge of the Mercer

14

Vicinage.  We offer no comment on the appropriate sentence to be imposed on remand.

## V.

The judgment of the Appellate Division with respect to sentencing is reversed and the matter is remanded for resentencing, consistent with this opinion.


CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.  JUSTICE FERNANDEZ-VINA did not participate.

SUPREME COURT OF NEW JERSEY

NO.    A-7    SEPTEMBER TERM 2015

ON CERTIFICATION TO    Appellate Division, Superior Court

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

PATRICK MCFARLANE

    Defendant-Appellant.


DECIDED    April 7, 2016

    Chief Justice Rabner    PRESIDING

OPINION BY    Justice Solomon

CONCURRING/DISSENTING OPINIONS BY

DISSENTING OPINION BY

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | --------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |