**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3044-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAMEK S. CARMEN, a/k/a
CARMEN RAMEK,

    Defendant-Appellant.

_____

          Submitted March 26, 2019 – Decided July 25, 2019

          Before Judges Fisher and Suter.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-09-1055.

          Joseph E. Krakora, Public Defender, attorney for appellant (Tamar Yael Lerer, Assistant Deputy Public Defender, of counsel and on the briefs).

          Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel on the brief).

PER CURIAM

In this appeal, defendant Ramek S. Carmen asks that we remand his case for resentencing because the trial court did not consider the real-time consequences for him of reducing his jail credits by 366 days. We agree with defendant that the trial court should have evaluated the real-time effect of this change. We vacate the sentence and remand for resentencing.

The case involves three indictments against defendant. In the first, 15-09-1055 (Indictment A), defendant was charged with robbery, burglary and theft. He pleaded guilty to third-degree theft, N.J.S.A. 2C:20-2(b)(2)(d). The State recommended a sentence of probation conditioned on 364 days in jail. Subsequently, defendant was sentenced to pretrial intervention (PTI). Defendant was in custody on the underlying charges from June 6, 2015, until his release into PTI on February 5, 2016.

Shortly after his release on PTI, defendant was arrested on other charges. In this second indictment, 16-08-1268 (Indictment B), he was charged with eluding, resisting arrest, obstruction, unlawful possession of a hand gun, and possession of hollow-nose bullets. Defendant was in custody on these charges from his arrest on April 23, 2016, until he was released on bail on December 11, 2016.

Three months after his release, defendant was arrested again. The third indictment, 17-04-0409 (Indictment C), charged defendant with unlawful possession of a handgun. He was in jail on this charge from the time that he was arrested on March 9, 2017.

In April 2017, defendant pleaded guilty under Indictments B and C to two counts of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). The trial court also terminated defendant's participation in PTI under Indictment A. In discussing the proposed consecutive sentence on the theft charge under Indictment A, defendant's counsel noted that defendant has "come very close to serving it out on the normal three flat scale." The prosecutor stated, "[w]ith all that credit, that consecutive sentence amounts to a whole lot of nothing. It's basically a free ride . . . ."

Defendant was sentenced on July 21, 2017, consistent with the State's recommendation, to two concurrent terms of seven years on the unlawful gun possession charges under Indictments B and C, with a forty-two month period of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c). He also received a consecutive three-year term on the theft charge in Indictment A. In sentencing defendant, the court found aggravating factor three[1] because "[t]here

_____

[1] N.J.S.A. 2C:44-1(a)(3).

A-3044-17T3

is such a strong risk this defendant will commit another offense." She found aggravating factor nine[2] because the case involved loaded guns and the court needed to "send[ ] a strong message to this defendant and others that there are serious consequences for such behavior." The court declined to find aggravating factor six[3] because it was not appropriate "when there are no prior Superior Court convictions." The court did not find any mitigating factors. The court also considered defendant's age, criminal history, that this was a negotiated plea, and that he did not successfully complete probation or PTI.

There was a discussion about the jail credits at the sentencing hearing. Defendant's counsel said there were "a lot of jail credit[s] on [Indictment A]." She referred to the amount as "tremendous - - maybe an additional year." The court requested clarification from the probation officer, who needed to verify the calculations. The court advised that defendant would "get all the credit that you're talking about."

When the judgment of conviction was entered, it included 546 jail credits on Indictment A, consisting of the periods: June 7, 2015 to December 3, 2015 (period one); April 23, 2016 to December 10, 2016 (period two); and March 9,

---

[2] N.J.S.A. 2C:44-1(a)(9).

[3] N.J.S.A. 2C:44-1(a)(6).

2017 to July 20, 2017 (period three). He was entitled to 366 jail credits on Indictment B, consisting of period two and period three. He was entitled to 135 jail credits on Indictment C consisting of period three.

Just a few days after sentencing, the Department of Corrections wrote to the judge with a copy to counsel alerting the court about the case of State v. C.H., 228 N.J. 111 (2017). It advised the court it was seeking an amended judgment because defendant's jail credits for Indictment A had been double-counted.

The State filed a motion under Rule 3:21-10(b)(5) to correct an illegal sentence related to Indictment A, claiming the court awarded defendant too many jail credits. At the hearing on November 17, 2017, the trial court determined that it had erred in calculating the jail credits for Indictment A. Under C.H., "double credit should not be awarded where a defendant is sentenced to consecutive sentences under separate indictments and receives the optimal benefits of jail credits for time spent in pre-sentence custody." 288 N.J. at 123. To correct this error, the court deducted 366 days of jail credits from defendant's sentence under Indictment A, representing periods two and three. The effect of this was to increase by 366 days the amount of time that defendant must serve on the three-year portion of his sentence (the theft case), which is to

5

be served consecutively to the seven-year sentences. The sentences on the gun possession charges were not affected. Referencing the 366 days of jail credits, the court stated, "even though it's a lot of time, it's not as significant as it may seem." The amended judgment of conviction, dated November 17, 2017, shows jail credits for Indictment A of 180 days (546 minus 366).

Defendant filed a notice of appeal. When the parties appeared before us on the Excessive Sentence Oral Argument Calendar (SOA) we entered an order, based on the parties' consent, that awarded defendant jail credits for Indictment A for the period of December 4, 2015 to February 5, 2016 (period four). This additional sixty-three days of jail credits brought the total for Indictment A to 243 (180 plus 63), instead of the original amount of 546. Our order also provided that the case would be remanded for the entry of a corrected judgment of conviction after we resolved the remaining issues about the sentence,[4] which required additional briefing.

On appeal, defendant does not contest the trial court's order that removed 366 days of jail credits based on C.H. Rather, he claims the trial court "summarily removed these credits without review of the resultant real-time

---

[4] One of the issues raised at the SOA calendar was whether C.H. applied because it was decided after defendant pleaded guilty on Indictment A, but before he was sentenced. That issue is not raised on appeal.

A-3044-17T3

sentence."  Defendant argues that he is "entitled to a resentencing at which the trial court considers the real-time effects of the removal of 366 days of credit, which was done post-sentencing."  We agree that the trial court needed to expressly consider defendant's real-time sentence once it removed the 366 jail credits.  We vacate the sentence and remand for resentencing.

We review a judge's sentencing decision under an abuse of discretion standard.  State v. Fuentes, 217 N.J. 57, 70 (2014).  "A judge's sentencing analysis is a fact-sensitive inquiry, which must be based on consideration of all the competent and credible evidence raised by the parties at sentencing."  State v. Jaffe, 220 N.J. 114, 116 (2014).

This case involves a reduction in defendant's jail time credits.  "Jail credits apply to the 'front end' of a defendant's sentence, meaning that [the defendant] is entitled to [day-for-day] credit against the sentence for every day defendant was held in custody for that offense prior to sentencing."  C.H., 228 N.J. at 117 (first alteration in original) (quoting State v. Hernandez, 208 N.J. 24, 37 (2011)).  "In practice, this application means that 'jail credits will "reduce a[ ] [parole] ineligibility term as well as the sentence imposed."'"  Ibid.  (alterations in original) (quoting Hernandez, 208 N.J. at 37).  Their purpose is to "further equal protection and fundamental fairness considerations by preventing the 'double

punishment' of defendants who spend time in custody prior to sentencing." Ibid. (quoting State v. Rawls, 219 N.J. 185, 193 (2014)). They also help to prevent manipulation by prosecutors and "promote uniformity in sentencing." Id. at 118 (citing Hernandez, 208 N.J. at 48-49).

We have said "the basic sentencing issue is always the real time defendant must serve, and we have always recognized that real time is the realistic and practical measure of the punishment imposed." State v. Mosley, 335 N.J. Super. 144, 157 (App. Div. 2000) (superseded by statute on other grounds). Rule 3:21-4(j) requires "the judge at the time of sentencing to state the real time probable as the result of the sentence imposed, including not only defendant's primary eligibility date but also the impact of credits against the sentence." Ibid. (citing R. 3:21-4(j)).

Defendant contends the court did not consider defendant's real-time sentence after it removed 366 jail credits. He argues the court should have reviewed the new aggregate sentence "to ensure that . . . [the] sentence was reasonable and appropriate." The State says the real time consequences were considered by the trial court because his sentence was reasonable and the court qualitatively considered aggravating and mitigating factors.

We are satisfied that when the court resolved the jail credit issue, it did not consider the real-time effect this had on defendant. By significantly reducing the number of jail credits, the effect was to increase the actual days of the three-year sentence that defendant would be serving. When defendant pleaded guilty in April 2017, both parties seemed in agreement, given the number of jail credits amassed during periods one, two and three that most of the three-year sentence had been served. That situation may have entered into the court's decision-making when it determined to sentence defendant to three years or when it ordered the sentence to run consecutively to the seven-year sentences on the gun possession charges. Based on the transcript, we cannot say that the trial court considered either the aggregate length of the sentence or the fact that the sentence for Indictment A was to run consecutively to the others when it reduced the amount of defendant's jail credits. Defendant is entitled to consideration of the real-time effect of this. We vacate the sentence and remand to the trial court for resentencing consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                          A-3044-17T3