**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1259-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDY R. TORRES, a/k/a
ANDREW R. TORRES,
and ANDREW RUBEN TORRES,

     Defendant-Appellant.

_____

Submitted November 16, 2021 – Decided November 23, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 13-02-0051.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2015, a jury convicted defendant of conspiracy to commit robbery, armed robbery, felony murder, and weapons offenses, all committed in 2013 when he was twenty-three years old. In January 2016, the trial judge imposed a forty-year prison term, subject to NERA, N.J.S.A. 2C:43-7.2, on the felony-murder conviction; shorter concurrent terms were imposed on those convictions that did not merge. On direct appeal, we affirmed defendant's convictions but remanded for resentencing because the judge had applied aggravated factor one, N.J.S.A. 2C:44-1(b)(1), and thereby engaged in impermissible double counting. State v. Torres, No. A-2626-15 (App. Div. Mar. 4, 2019) (slip op. at 32-33).

Defendant was resentenced on October 21, 2019; removing aggravating factor one from the calculus, and again applying aggravating factors three, six, and nine – while finding no mitigating factors – the judge imposed a thirty-five-year prison term, with a thirty-year period of parole ineligibility. Defendant appeals the judgment of conviction then entered, as well as its subsequent amendments.[1]

---

[1] Defendant filed a notice of appeal on November 26, 2019. The trial judge later filed amended judgments of conviction on December 27, 2019, and February 3, 2020, for reasons unrelated to the issues raised in this appeal. Defendant filed an amended notice of appeal on May 14, 2020.

In appealing, defendant argues he is entitled to be resentenced because on October 19, 2020, the Legislature amended N.J.S.A. 2C:44-1(b), effective "immediately," to include a new mitigating factor applicable to defendants whose crimes were committed when they were under the age of twenty-six. L. 2020, c. 110 (codified at N.J.S.A. 2C:44-1(b)(14)).

Defendant argues that when he was resentenced the judge was obligated to apply those aggravating and mitigating factors applicable at the time of resentencing. This is certainly true. See State v. Jaffe, 220 N.J. 114, 122-24 (2014). But when defendant was resentenced in October 2019 the law did not include the new age-based mitigating factor; the new law was enacted a year later. Undaunted, defendant argues the new mitigating factor should be applied retroactively. We reject this argument substantially for the reasons expressed, albeit in dictum, in State v. Bellamy, 468 N.J. Super. 29, 48 (App. Div. 2021).[2] Defendant is not entitled to the benefit of this new law because he had already been sentenced and had begun serving that sentence when the new law was enacted.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

Affirmed.

---

[2] On October 18, 2021, the Supreme Court granted certification to consider whether the new mitigating factor should apply retroactively. State v. Lane, A-17-21.

A-1259-19