**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1968-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHEEM A. PAMPLIN, a/k/a
RASHEEM MCAIR and TREMPLIN
PAMPLIN,

    Defendant-Appellant.

_____

Submitted April 12, 2018 — Decided July 12, 2018

Before Judges Rothstadt and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment Nos.
07-12-4002 and 08-01-0126.

Joseph E. Krakora, Public Defender, attorney
for appellant (Charles P. Savoth, III,
Designated Counsel, on the briefs).

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Matthew
E. Hanley, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant appeals from the October 21, 2016 order of the trial court denying his petition for post-conviction relief (PCR) without granting an evidentiary hearing. He argues he established "a prima facie case of ineffective assistance of counsel" "under the two-pronged test set forth in Strickland [v. Washington, 466 U.S. 668, 687 (1984)]" based on "his trial counsel's failure to file a severance motion and consolidation motion" for his three indictments prior to his first trial. He asserts that because his co-defendant "refused to enter into a plea deal," a motion to sever "would have saved [him] from trial, while a consolidation motion would have reduced his overall sentence or increased his chances of negotiating a better plea deal overall." We disagree and affirm.

We glean the following facts from the record. On December 11, 2007, an Essex County grand jury returned Indictment No. 07-12-4002 (the first indictment), charging defendant and co-defendant Quadir Graham with third-degree conspiracy, N.J.S.A. 2C:5-2 (count one); third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count two); third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count three); and third-degree possession of a controlled dangerous substance with

intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7 (count four).

The following year, on January 11, 2008, another Essex County grand jury returned Indictment No. 08-01-0126 (the second indictment), charging defendant with third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two); and third-degree possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school zone, N.J.S.A. 2C:35-7 (count three).

While the Essex County indictments were pending, on December 23, 2008, a Bergen County grand jury returned Indictment No. 08-12-2231 (the third indictment), charging defendant with second-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(2) (count one); second-degree employing a juvenile in a drug distribution scheme, N.J.S.A. 2C:35-6 (count two); second-degree possession of a firearm during a drug offense, N.J.S.A. 2C:39-4.1(a) (count three); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four).

On March 5, 2009, following a jury trial on the first indictment, defendant was convicted on count two, and the jury

hung on the remaining counts. On April 13, 2009, defendant entered a negotiated guilty plea to count two of the second indictment pursuant to a plea agreement wherein the State agreed to dismiss the remaining charges in both the first and second indictments. On September 23, 2009, prior to sentencing on the first two indictments, defendant was tried in absentia by a jury and found guilty on all counts in the third indictment. On March 26, 2010, defendant was sentenced on the third indictment to an aggregate extended term sentence of thirty-six years with thirteen-and-one-half-years of parole ineligibility. Thereafter, on September 13, 2011, defendant was sentenced to a four-year term of imprisonment each on the first and second indictments, to run concurrent with each other and concurrent with the third indictment.

Defendant's convictions and sentences on the first and second indictments were affirmed on appeal in our unpublished opinion, State v. Pamplin, No. A-1582-12 (App. Div. Sept. 22, 2014), which we incorporate by reference. As to the third indictment, we affirmed the convictions but remanded for resentencing in our unpublished opinion, State v. Pamplin, No. A-1008-10 (App. Div. Sept. 4, 2012), which we also incorporate by reference. We later affirmed the aggregate twenty-seven-year term of imprisonment with thirteen-and-one-half years of parole ineligibility imposed at the

A-1968-16T3

resentencing hearing on our Excessive Sentence Oral Argument calendar, R. 2:9-11, by order filed August 29, 2013.

Defendant filed a petition for PCR on the third indictment alleging, among other things, that his trial counsel was ineffective for failing "to move to [c]onsolidate Bergen [County] charges with Essex [County] matters resulting in a higher aggregate sentence and extended term." The PCR court rejected all of defendant's arguments without granting an evidentiary hearing, and we affirmed in an unpublished opinion. State v. Pamplin, No. A-3581-14 (App. Div. Aug. 25, 2017).

On June 16, 2015, defendant filed a timely pro se petition for PCR on the first and second indictments, which is the subject of this appeal. Defendant alleged that his trial counsel was ineffective for failing to file a "motion for [c]onsolidation pursuant to [Rule] 3:25A-1, of [his] multi[-]county indictments/offenses, resulting in higher overall sentence(s)." Defendant's assigned PCR counsel filed a supplemental PCR petition and supporting brief, arguing that trial counsel "failed to consolidate [d]efendant's Bergen County matter with the Essex County matter even after [d]efendant requested that it be done." According to PCR counsel, defendant was prejudiced because it placed defendant "in a poor position to negotiate pleas in both cases." PCR counsel also submitted a supporting affidavit in

which defendant averred that he requested his trial counsel to file a motion to consolidate, but he failed to do so. Defendant also stated that trial counsel "failed to discuss any motions with [him] and did not file a [m]otion to [s]uppress or a [m]otion for [s]everance."

On October 21, 2016, following oral argument, the PCR court rejected defendant's arguments and denied the petition, concluding defendant failed to satisfy the Strickland test to warrant PCR relief or an evidentiary hearing. Specifically, as to trial counsel's failure to file a consolidation motion, relying on State v. Rountree, 388 N.J. Super. 190, 213 (App. Div. 2006), the court acknowledged that defendant satisfied the first Strickland prong. However, the court found that the second Strickland prong had not been met because, had a consolidation motion "been filed[,] it would [not] have affected [defendant's] ability to resolve the issue by plea agreement" so "that the result would have been different." To support its finding, the court pointed out that defendant "ha[d] not shown that he was prevented from obtaining a plea in the Bergen County matter," and "the sentence in Essex County was run concurrent to the sentence in Bergen County."

Turning to defendant's claim that his trial counsel was ineffective for failing to file a severance motion, citing State v. Robinson, 253 N.J. Super. 346, 364 (App. Div. 1992), the PCR

court noted that while Rule 3:15-2(b) provided relief from prejudicial joinder, there was "a general preference to try co-defendants jointly," and under State v. Brown, 170 N.J. 138, 160 (2001), "[d]anger by association [was] not enough to support a motion to sever." The court determined there was "nothing . . . in [the] record that indicate[d] the severance was . . . reasonable, and the motion should have been filed" and found no prejudice from trial counsel's failure to file a severance motion. The court entered a memorializing order on the same date and this appeal followed.

On appeal, defendant raises the following single point for our consideration:

> IT WAS AN ABUSE OF DISCRETION FOR THE PCR COURT
> TO DENY DEFENDANT AN EVIDENTIARY HEARING.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). "Rule 3:22-10 recognizes judicial discretion to

conduct such hearings." State v. Preciose, 129 N.J. 451, 462 (1992).

A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 463.

> To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in [Strickland, 466 U.S. at 694], and United States v. Cronic, 466 U.S. 648 (1984), which [our Supreme Court] adopted in State v. Fritz, 105 N.J. 42, 58 (1987).
>
> [Ibid.]

Under the Strickland standard, a defendant must make a two-part showing, State v. O'Neil, 219 N.J. 598, 610 (2014), by demonstrating that trial counsel's performance was both deficient and prejudicial. State v. Martini, 160 N.J. 248, 264 (1999). The performance of counsel is "deficient" if it falls "below an objective standard of reasonableness" measured by "prevailing professional norms." Strickland, 466 U.S. at 687-88. This standard of "reasonable competence," Fritz, 105 N.J. at 60, "does not require the best of attorneys," State v. Davis, 116 N.J. 341, 351 (1989), and the defendant must overcome a "strong presumption

that counsel rendered reasonable professional assistance." State v. Parker, 212 N.J. 269, 279 (2012).

"[A] defendant must also establish that the ineffectiveness of his attorney prejudiced his defense" by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 279-80 (quoting Strickland, 466 U.S. at 694). "A 'reasonable probability' simply means a 'probability sufficient to undermine confidence in the outcome' of the proceeding." O'Neil, 219 N.J. at 611 (quoting Strickland, 466 U.S. at 694).

"Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Fritz, 105 N.J. at 52 (alteration in original) (quoting Strickland, 466 U.S. at 687). Defendant bears the burden of proving both prongs of an ineffective assistance of counsel claim by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

Applying these principles, we conclude that the PCR court properly denied defendant's petition without granting an evidentiary hearing. Assuming that a motion for consolidation would have been granted as authorized by State v. Pillot, 115 N.J. 558, 568 (1989), as the PCR court noted, defendant presented no evidence of a plea offer or that he was prevented from accepting

a plea offer in the Bergen County case for any reason other than his own conduct. Indeed, defendant failed to appear for trial on the Bergen County indictment and was tried in absentia. Further, other than "bald assertions," which are insufficient for PCR, Cummings, 321 N.J. Super. at 170, defendant presented no evidence that he would have received a more favorable overall plea offer if the cases had been consolidated. The Bergen County case was clearly the most serious of the three, and defendant received significantly less severe concurrent sentences in the Essex County cases despite going to trial on the first indictment.[1] "Defendant's ineffective-assistance arguments therefore fail to meet the second Strickland prong, that is, failure to consolidate did not likely make a difference." Rountree, 388 N.J. Super. at 213.

As to trial counsel's failure to file a motion to sever, it is well established that "[i]t is not ineffective assistance of

---

[1] We note that ordinarily, in circumstances as those presented to defendant in the first indictment, it is unlikely that the State would have rebuffed defendant's offer to enter a negotiated guilty plea conditioned upon incriminating his recalcitrant co-defendant at trial. See, e.g., State v. Jaffe, 220 N.J. 114, 116 (2014) (State accepted defendant's guilty plea to one offense if he agreed to testify against his co-defendants in exchange for a reduced sentence); State v. Dalziel, 182 N.J. 494, 498 (2005) (prosecutor accepted defendant's negotiated guilty plea to one offense and truthful testimony against co-defendant in exchange for dismissal of all other charges).

counsel for defense counsel not to file a meritless motion." State v. O'Neal, 190 N.J. 601, 619 (2007). As we explained in defendant's direct appeal of his first and second indictments, defendant's conviction on the first indictment stemmed from police observing defendant and co-defendant Graham engaged in a hand-to-hand drug sale to an unidentified buyer, during which defendant "act[ed] as a lookout for Graham" and after which police recovered "fifteen decks of what was . . . later confirmed as heroin" and "$518 from defendant" in a search incident to his arrest. Pamplin, No. A-1582-12, slip op. at 2, 9. As the PCR court noted, where "much of the same evidence is needed to prosecute each defendant, a joint trial is preferable." State v. Sanchez, 143 N.J. 273, 281 (1996) (quoting State v. Brown, 118 N.J. 595, 605 (1990)). Inasmuch as a severance motion would not have been successful, defendant's trial attorney was not ineffective because he failed to file one. Moreover, given the concurrent sentences on the Essex County indictments, defendant cannot show the requisite prejudice to warrant PCR or an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1968-16T3