**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3110-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS M. NAVARRO,
a/k/a LUIS M. NAVARRO JR.,
and LUIS M. VAVARRO,

    Defendant-Appellant.

_____

Submitted June 2, 2022 – Decided June 29, 2022

Before Judges Gooden Brown and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-02-0126.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kaila L. Diodati, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the September 11, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY AT SENTENCING.

Based on our review of the record and the governing legal principles, we affirm.

Defendant was charged in a twelve-count indictment with: first-degree robbery, N.J.S.A. 2C:15-1(a)(1); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); second-degree eluding, N.J.S.A. 2C:29-2(b); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); third-degree criminal restraint, N.J.S.A. 2C:13-2(a); two counts of third-degree theft, N.J.S.A. 2C:20-3(a); third-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and fourth-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(h).

On August 18, 2015, defendant entered a negotiated guilty plea to the robbery charge. Under the terms of the plea agreement, the State agreed to recommend a sentence not to exceed twenty years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to refrain from seeking an extended term and move to dismiss the remaining counts of the indictment at sentencing. During the plea colloquy, defendant admitted that on November 12, 2013, while committing a theft at the YMCA in Vineland, he used a stun gun to inflict bodily injury upon an individual.

On February 19, 2016, defendant was sentenced in accordance with the plea agreement to eighteen-years' imprisonment, subject to NERA. The sentencing judge found aggravating factors three, six, nine, twelve, and thirteen. See N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted"); N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"); N.J.S.A. 2C:44-1(a)(12) ("[t]he defendant committed the offense against a person who the defendant knew or should have known was [sixty] years of age or older"); N.J.S.A. 2C:44-1(a)(13) ("[t]he

3

defendant, while in the course of committing or attempting to commit the crime, . . . used or was in possession of a stolen motor vehicle").

In mitigation, the judge found mitigating factors six and twelve. See N.J.S.A. 2C:44-1(b)(6) ("[t]he defendant has compensated or will compensate the victim . . . for the damage or injury that the victim sustained"); N.J.S.A. 2C:44-1(b)(12) ("[t]he willingness of the defendant to cooperate with law enforcement authorities"). After evaluating the factors, the judge determined the aggravating factors substantially outweighed the mitigating factors and sentenced defendant accordingly. See State v. Natale, 184 N.J. 458, 488 (2005) (stating that "when the aggravating factors preponderate, sentences will tend toward the higher end of the [sentencing] range").

Defendant appealed his sentence, challenging the sentencing judge's consideration of aggravating factor twelve. We affirmed on our Sentence Only Argument (SOA) calendar, finding that "the sentence [was] not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion." See R. 2:9-11. The Supreme Court denied certification. State v. Navarro, 228 N.J. 406, 407 (2016).

Defendant filed a timely pro se PCR petition, asserting among other things that "[his] constitutional rights were violated." In a supporting counseled brief,

4

defendant argued "[he] received an illegal sentence as the court failed to properly consider mitigating factors at sentencing." Specifically, defendant asserted the sentencing judge failed to consider mitigating factors three and eleven. See N.J.S.A. 2C:44-1(b)(3) ("[t]he defendant acted under a strong provocation"); N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents").

Additionally, defendant cited his rehabilitative efforts while incarcerated and submitted copies of his high school diploma, completion certificates for various programs, and his prison disciplinary record. He argued that based on his successful completion of the programs, obtaining his high school diploma, and remaining infraction free while incarcerated, mitigating factors eight, nine, and ten were "now present." See N.J.S.A. 2C:44-1(b)(8) ("[t]he defendant's conduct was the result of circumstances unlikely to recur"); N.J.S.A. 2C:44-1(b)(9) ("[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense"); N.J.S.A. 2C:44-1(b)(10) ("[t]he defendant is particularly likely to respond affirmatively to probationary treatment").

5

Although the argument did not appear in defendant's PCR petition and supporting briefs submitted in defendant's appendix in this appeal, at oral argument, the PCR judge noted that defendant had also "claim[ed] he received ineffective assistance of counsel [IAC]" based on plea counsel's failure to advance "certain mitigating factors at sentencing." Further, PCR counsel argued at the oral argument that plea counsel had countenanced an "abuse of discretion" on the part of the sentencing judge by virtue of not "do[ing] something" to prevent the imposition of an illegal or improper sentence. Additionally, PCR counsel contended that defendant could not have raised arguments about his self-improvement efforts in prior proceedings because those efforts "did not occur before he was sentence[d]."

The PCR judge rejected defendant's claims in an oral opinion. The judge determined defendant did not receive an illegal sentence. See State v. Hyland, 238 N.J. 135, 146 (2019) ("[E]ven sentences that . . . rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law."). Further, according to the judge, defendant failed to establish a prima facie case of IAC under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in

State v. Fritz, 105 N.J. 42, 49-53 (1987), to justify an evidentiary hearing or PCR.

In specifically rejecting defendant's contention that plea counsel's performance was deficient, the judge recounted that at sentencing, plea counsel had asked the court to: "consider mitigating factors [six] and [twelve]"; accord those factors "substantial weight"; reject the State's argument that "aggravating factor [twelve]" applied; and sentence defendant "in the range of [ten] to [fifteen] years." Plea counsel had "also provided the [c]ourt with two certificates [of completion] from a correspondence school [and] a Bible course[.]"

Turning to the prejudice prong, the judge stated defendant "failed to show how . . . he was prejudiced" because defendant himself had presented the arguments to the sentencing judge he claimed plea counsel had omitted, including his drug addiction, the influence of a codefendant, his remorse, and the hardship his incarceration would cause his ailing mother, fiancée, and three minor children. See State v. Hess, 207 N.J. 123, 154 (2011) (explaining that "the failure to present mitigating evidence or argue for mitigating factors was [IAC]--even within the confines of the plea agreement" when "the sentencing court was deprived of information and arguments that might well have led it to

7                                                              A-3110-20

impose a lesser term"). The judge entered a memorializing order and this appeal followed.

On appeal, defendant argues the PCR judge erred in rejecting his claim that plea counsel "failed to advocate meaningfully and adequately for [him] at his sentencing hearing" without affording him an evidentiary hearing. The mere raising of a PCR claim does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, "view[ing] the facts in the light most favorable to a defendant," State v. Preciose, 129 N.J. 451, 463 (1992), PCR judges should grant evidentiary hearings in their discretion only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing, R. 3:22-10(b). See also State v. Porter, 216 N.J. 343, 355 (2013); State v. Marshall, 148 N.J. 89, 158 (1997).

In order to establish a prima facie claim of IAC under the Strickland/Fritz test, first a defendant "must show that counsel's performance 'fell below an objective standard of reasonableness[.]' . . . Second, [a defendant] must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Hess, 207 N.J. at 146 (quoting Strickland, 466 U.S. at 688, 694).

A defendant must establish both prongs of the <u>Strickland</u>/<u>Fritz</u> test to obtain a new sentencing hearing based on counsel's ineffectiveness. <u>See</u> <u>Strickland</u>, 466 U.S. at 689, 697; <u>Fritz</u>, 105 N.J. at 58. Although a failure to satisfy either prong results in the denial of a PCR petition based on IAC, <u>State v. Parker</u>, 212 N.J. 269, 280 (2012), "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed," <u>Strickland</u>, 466 U.S. at 697. <u>See also</u> <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) ("[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." (citations omitted) (citing <u>Strickland</u>, 466 U.S. at 697)).

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." <u>State v. Brewster</u>, 429 N.J. Super. 387, 401 (App. Div. 2013). However, where, as here, no evidentiary hearing was held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." <u>State v. Reevey</u>, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting <u>State v. Harris</u>, 181 N.J. 391, 421 (2004)).

9

We are satisfied from our review of the record that defendant failed to make a prima facie showing of IAC within the Strickland/Fritz test to warrant PCR or an evidentiary hearing. Plea counsel was not ineffective by not arguing for mitigating factors eight, nine, and ten because, as PCR counsel conceded at oral argument, evidence of defendant's commendable rehabilitation efforts developed post-sentencing. See State v. Rivera, 249 N.J. 285, 299 (2021) ("[T]he sentencing court is required to 'view a defendant as [that defendant] stands before the court on the day of sentencing.'" (second alteration in original) (quoting State v. Jaffe, 220 N.J. 114, 124 (2014))).

Additionally, because there was no evidence in the record to suggest that the victim had provoked defendant, plea counsel was not ineffective for not arguing for mitigating factor three. See State v. Teat, 233 N.J. Super. 368, 372 (App. Div. 1989) ("The provocation referred to [in N.J.S.A. 2C:44-1(b)(3)] 'relates to the conduct of the victim toward the actor.'" (quoting State v. Jasuilewicz, 205 N.J. Super. 558, 576 (App. Div. 1985))). Finally, defendant failed to show a reasonable probability that the outcome would have been different had plea counsel advocated for mitigating factor eleven because, at sentencing, defendant informed the judge about his three children, his fiancée, and his ailing mother. See R. 3:21-4(b) (permitting a defendant "to make a

10

statement in his or her own behalf and to present any information in mitigation of punishment" at sentencing).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3110-20