**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2241-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAIQUAN C. BLAKE,

     Defendant-Appellant.

_____

Argued October 10, 2024 – Decided October 24, 2024

Before Judges Mawla, Natali, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 17-03-0259.

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Scott M. Welfel, of counsel and on the briefs).

Regina M. Oberholzer, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Regina M. Oberholzer, of counsel and on the brief).

PER CURIAM

Defendant Daiquan C. Blake appeals from the February 1, 2023 change of judgment of conviction entered following remand for resentencing pursuant to State v. Torres, 246 N.J. 246 (2021). We affirm, but remand for correction of the period of parole ineligibility imposed on count three.

We previously discussed the underlying facts and procedural history of defendant's case when we affirmed his conviction. State v. Blake, No. A-1554-18 (App. Div. Feb. 17, 2022) (slip op. at 3-10). We include a brief summary of the facts for purposes of addressing defendant's arguments.

In September 2016, defendant, who was nineteen years old, was attending a baby shower for his ex-girlfriend, Sianni Powers, at the home of Reggie and Juanita Holley. At the shower, defendant had an argument with Powers's sister's boyfriend, Marvin Sharpe, and was asked to leave. Evidence at trial established defendant left the shower with the intention to retrieve his handgun and confront Sharpe. Several hours later, defendant returned to the Holley residence armed with a handgun concealed in his waistband looking for Sharpe. Defendant spoke with Reggie Holley, who told him Sharpe was not there. Defendant waited near the residence. At some point, other individuals arrived in a car. The Holleys were standing outside. Reggie Holley was holding a long gun, which may have

been a pellet gun. Defendant fired his gun toward the Holleys, striking Juanita Holley in the chest and killing her.

Defendant was indicted for: first-degree murder, N.J.S.A. 2C:11-3(a)(1) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count three); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count four); and second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:12-1(b)(1) (count five).

The jury convicted defendant on counts one through four. On count one, the jury convicted defendant of the lesser-included offense of second-degree passion/provocation manslaughter, N.J.S.A. 2C:11-4(b)(2). At sentencing, the trial judge found no applicable mitigating factors. The judge applied aggravating factors three (the risk that defendant will commit another offense) and nine (the need for deterring defendant and others from violating the law), N.J.S.A. 2C:44-1(a)(3) and (9), giving both factors "substantial weight." The judge merged counts two and four into count one and sentenced defendant to ten years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On count three, the judge sentenced defendant to ten years pursuant to the Graves

Act, N.J.S.A. 2C:43-6(c), subject to a five-year period of parole ineligibility. After analyzing the factors set out State v. Yarbough, 100 N.J. 627 (1985), the judge determined counts one and three would be served consecutively.

At the request of the State and defendant, we remanded for resentencing pursuant to Torres, which was decided by our Supreme Court during the pendency of defendant's appeal. We concluded defendant was entitled to a full rehearing and ordered a reassessment of all aggravating and mitigating factors, including mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14), which was enacted after defendant was sentenced.[1]

On February 1, 2023, the court resentenced defendant. After appropriate mergers, the court sentenced defendant to ten years subject to NERA, on count one. On count three, unlawful possession of a handgun, defendant was sentenced to eight years subject to a five-year period of parole ineligibility pursuant to the Graves Act, consecutive to the sentence imposed on count one.

The court applied aggravating factors three and nine, giving each substantial weight, and mitigating factor fourteen, giving it moderate weight.

---

[1] N.J.S.A. 2C:44-1(b)(14) added as a mitigating factor, "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense."

The court found the aggravating factors preponderated over the mitigating factor.

According to the presentence report, defendant had one juvenile finding of delinquency in 2013 for resisting arrest, N.J.S.A. 2C:29-2(a), and another juvenile arrest that resulted in diversion. He had one adult disorderly persons conviction for failure to disperse upon official order, N.J.S.A. 2C:33-1(b), in 2015, and one petty disorderly persons offense for disorderly conduct, N.J.S.A. 2C:33-2(a)(1), in 2016. He had one adult ordinance violation for improper conduct in 2016. Defendant had a total of six adult arrests, including charges of domestic violence that were dismissed.

The court found aggravating factor three, noting it "listened to what [defendant] had to say . . . and [he was] different today than [he was] before. And [the court] can see that being part of the maturation process . . . . However, that does not mean that the risk [of re-offense] is really any different." The court was not convinced defendant's behavior in prison showed a decreased risk of re-offense because he is "hemmed in" and does not "have a great deal of autonomy of action" in prison. It explained it gave aggravating factor three substantial weight because:

> [T]o point a gun in the direction of anybody and pull the trigger requires more than just youthful exuberance.

5

It requires a level of something that not everybody has. I would dare say, most people do[ not].

. . . .

You have to be a certain kind of person to do that and it[ is] not a function of youth. Because otherwise, all young people would be out there pointing guns at people and pulling triggers. So it [is] not an indictment of you personally, it[ is] an assessment of risk and when a person can reach that point that they can do that, they can reach that point again.

The court also applied aggravating factor nine, finding the need for "deterrence in both a specific and general sense is extremely high" because of the nature of the offenses defendant committed. It was not convinced the need for specific deterrence was diminished by defendant's "increased level of maturity" because he is "in [a] controlled environment." The court noted there "is secondary gain involved here" because defendant stands to benefit from complying with the rules in prison and "it[ is] hard to assess what[ is] permanent and what[ is] not" until defendant is "back in society where it counts."

The court rejected defendant's request for mitigating factor nine substantially for the reasons it explained in finding a risk of re-offense and the need for specific deterrence. It applied mitigating factor fourteen because defendant was under the age of twenty-six at the time of the offense. The court found defendant's statement at sentencing had "some effect" and based on his

6

statement the court saw "some changes" and "maturity" that warranted giving mitigating factor fourteen "moderate effect."

Applying the <u>Yarbough</u> factors, the court imposed consecutive sentences. It found the crimes and their objectives were independent of each other because defendant was unlawfully in possession of the handgun initially for the purpose of confronting Sharpe and later fired the gun with the purpose of shooting Reggie Holley.

The court also determined the crimes were committed at separate times. Specifically, the court found:

> The actual decision is the moment he left the house with [the gun], which is sometime around 3:30, maybe 4:00 o'clock . . . . That moment, that[ is] when he crossed the line committing an offense of unlawful possession of a weapon. That is occurring before 4:00 o'clock.
>
> The shooting does[ not] take place until 8:00 o'clock, four hours later. They[ are] not occurring at the same time and they were[ not] done for the same purpose . . . .

The court found the offenses involved multiple victims because Sharpe was defendant's initial intended victim when he retrieved his gun, and Reggie and Juanita Holley were "within the line of fire when [defendant] fired the gun . . . ."

Pursuant to <u>Torres</u>, the court found the overall sentence was not "unjust or unfair given the gravity of what occurred." The court also considered that

7

"applying consecutive sentences . . . , even if it were as originally sentenced . . . [twenty] total years, . . . [defendant will] be under the age of [forty] by the time he reaches his parole . . . ."

Defendant raises the following points for our consideration on appeal.

POINT I

RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT: (A) FAILED TO APPROPRIATELY CONSIDER BLAKE'S POST-OFFENSE REHABILITATIVE CONDUCT[,] THE AGE-CRIME CURVE, AND ADOLESCENT BRAIN SCIENCE; (B) MADE FINDINGS FOR AGGRAVATING FACTORS THREE AND NINE THAT WERE NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE IN THE RECORD; (C) IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF . . . YARBOUGH AND . . . TORRES; (D) CONSIDERED DEFENDANT'S DISMISSED CHARGES IN VIOLATION OF STATE V. K.S.[2]; AND (E) IMPOSED AN ILLEGAL PAROLE DISQUALIFIER ON COUNT THREE.

A. The Sentencing Court Erred In Failing To Appropriately Consider Blake's Post-Offense Rehabilitative Conduct, The Age-Crime Curve, And Adolescent Brain Development When Considering Aggravating Factors Three And Nine And Mitigating Factors Nine And Fourteen.

1. In failing to give weight to Blake's positive prison record and other post-offense rehabilitative conduct, the [c]ourt failed to

_____

2  220 N.J. 190 (2015).

sentence Blake as he stood on the date of sentencing and its finding of aggravating factors three and nine were not supported by competent, credible evidence in the record.

2. Because the [c]ourt's reasoning in finding and weighing aggravating factors three and nine and mitigating factor fourteen and in declining mitigating factor nine failed to address the extremely relevant adolescent brain science and age-crime curve, the [c]ourt's findings were not supported by competent, credible evidence in the record.

B. The Court's Rationales For Aggravating Factors Three And Nine Were Impermissible Because The Court Double-Counted The Fact That The Manslaughter Was Committed By A Firearm, Speculated That Individuals Who Have Fired A Gun At Another Person Are More Likely To Reoffend, And Relied Exclusively On General Deterrence Without Finding Any Need For Specific Deterrence.

C. The Court's Rationale For Imposing Consecutive Sentences Was Not Justified By Yarbough Or Torres.

1. The [c]ourt's findings that the Yarbough factors justified a consecutive sentence were unsupported by the facts or by Yarbough.

2. The [c]ourt's assessment of the overall fairness of the sentences was fatally flawed for the same reasons as its assessments of aggravating factors three and nine; its assessment of the need to incapacitate and deter were not supported by competent, credible evidence in

9

the record and it failed to consider relevant social science regarding deterrence and incapacitation.

D. The Court Erred In Considering Defendant's Dismissed Charges.

E. The Parole Disqualifier Imposed On Count Three Is Illegal.

F. This Case Should Be Reassigned To A Different Judge On Remand.

We review a sentence imposed by a trial court under an abuse of discretion standard. State v. Jones, 232 N.J. 308, 318 (2018). In doing so, we consider whether: "(1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were . . . 'based on competent evidence in the record;' [and] (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscious.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (second alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

In determining a sentence for imprisonment, the sentencing judge must consider the aggravating factors delineated in N.J.S.A. 2C:44-1(a)(1)-(15) and the mitigating factors in N.J.S.A. 2C:44-1(b)(1)-(14). The sentencing court must qualitatively weigh and assess all relevant factors. State v. Case, 220 N.J. 49, 65 (2014). Any factors that are "amply based in the record . . . must be

10

found." State v. Dalziel, 182 N.J. 494, 504 (2005). A sentencing court must assess defendants "as [they] stand[] before the court on the day of sentencing," including any post-offense conduct or rehabilitation. State v. Jaffe, 220 N.J. 114, 124 (2014).

We are satisfied the court appropriately found and weighed the aggravating and mitigating factors based on competent evidence in the record and assessed defendant as he stood before the court on the day of sentencing. We do not perceive any basis to conclude the court abused its discretion in finding and balancing the aggravating and mitigating factors. Defendant's contentions that the court "failed to appropriately consider" defendant's post-offense rehabilitative conduct, the age-crime curve, and adolescent brain development science are directly contradicted by the record and lack merit. Likewise, defendant's contention that the court "relied exclusively on general deterrence without finding any need for specific deterrence" is not supported by the record.

We are unconvinced by defendant's contention that the court improperly considered defendant's prior dismissed charges, including dismissed domestic violence charges. At sentencing, defendant asked the court to find mitigating factor seven, that the "defendant has no history of prior delinquency or criminal

activity or has led a law-abiding life for a substantial period of time before the commission of the present offense." N.J.S.A. 2C:44-1(b)(7). The court rejected that mitigating factor, stating:

> And of course we[ are] talking about [m]itigating [f]actor [s]even when we[ are] talking about [defendant's prior history].
>
> Here[ is] the difference between a person who has never, ever, ever gone afoul of the law even to the point of an accusation to a person who[ is] dancing through the raindrops . . . and then finally has one hit.

The court properly considered defendant's prior history of delinquency and criminal conduct in addressing defendant's request for mitigating factor seven. The record does not support defendant's claim that the court improperly considered his prior dismissed charges.

We are not persuaded by defendant's argument that the court's imposition of consecutive sentences was unsupported by the facts or by Yarbough. When the imposition of consecutive terms is challenged, we must ensure that the principles set forth in Yarbough, as later clarified by State v. Zuber, 227 N.J. 422, 449 (2017), were correctly applied. Yarbough recognizes that "there can be no free crimes in a system for which the punishment shall fit the crime." 100 N.J. at 643. To ensure compliance with that central theme, a judge must

12

separately state the reasons for consecutive terms in the sentencing decision, and, in reaching a conclusion, the judge must consider whether:

> [(1)] the crimes and their objectives were predominantly independent of each other;
>
> [(2)] the crimes involved separate acts of violence or threats of violence;
>
> [(3)] the crimes were committed at different times or separate places rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>
> [(4)] any of the crimes involve multiple victims; [and]
>
> [(5)] the convictions for which the sentences are to be imposed are numerous . . . . [ ]
>
> [Id. at 644.]

We are satisfied the court correctly applied the Yarbough factors and its findings were amply supported by the record. The court found the offenses of unlawful possession of a handgun and manslaughter were committed with independent objectives, at different times, and involved multiple victims. The court did not abuse its discretion by imposing consecutive sentences.

We are also convinced the court properly considered the overall fairness of the sentence imposed as required by Torres. Pursuant to Torres, the sentencing court should "place on the record its statement of reasons for the

decision to impose consecutive sentences, which . . . should focus 'on the fairness of the overall sentence, and the sentencing court should set forth in detail its reasons for concluding that a particular sentence is warranted.'" 246 N.J. at 267-68. In this case, the court placed on the record its statement of reasons for the decision to impose consecutive sentences, focusing on the gravity of the offenses, the overall sentence imposed, and defendant's age.

The parties agree the period of parole ineligibility imposed on count three must be corrected. Pursuant to the Graves Act, "[t]he minimum term shall be fixed at one-half of the sentence imposed by the court or [forty-two] months, whichever is greater, . . . during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6(c). Defendant was sentenced to eight years on count three with a five-year period of parole eligibility, instead of one half of the sentenced imposed, or four years. We remand for correction of the judgment of conviction on count three to include a four-year period of parole ineligibility.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-2241-22

Affirmed in part and remanded in part for correction of the period of parole ineligibility imposed on count three in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION